Argued March 27; peremptory writ of mandamus issued
March 28, 1933

## STATE ex rel. THOMAS v. HOLMAN,
### State Treasurer
(20 P. (2d) 430)

*Fred H. Paulus,* of Salem, and *I. H. Van Winkle,* Attorney General, for defendant.

*Fred A. Williams,* of Salem, for plaintiff.

*Jay Bowerman,* of Portland, and *J. M. Devers,* of Salem, for intervener Oregon State Board of Control.

RAND, C. J. This is a proceeding in mandamus directed to the Honorable Rufus C. Holman, State Treasurer, requiring him as State Treasurer either

to take up and pay a state warrant audited and approved by the Secretary of State, or else, in case there are no funds in his hands with which to pay the same, to indorse on said warrant the words, "Not paid for want of funds", as provided by section 67-303, Oregon Code 1930, as amended by chapter 245, L. 1933.

The 1933 act amending said section contains an emergency clause which declares that it shall be in full force and effect from and after its approval by the Governor. It was approved by the Governor on March 6, 1933, and filed in the office of the Secretary of State on the day on which it was approved.

The Treasurer, being in doubt as to the constitutionality of the amendment and having no funds in his hands with which to take up and pay the warrant, declined to make said indorsement in the absence of a judicial determination of the constitutionality of the act as so amended.

In amending said section, the 1933 act added following the proviso contained in the amended act at the end of subdivision 3 of said section the following words:

"* * * In case the general fund should become exhausted after the state treasurer has borrowed the moneys and has made the transfers of surplus funds as hereinabove provided, he shall, if the governor, secretary of state and state treasurer shall deem it necessary or advisable and shall so direct, endorse on the warrants drawn on said fund, the words 'not paid for want of funds', and shall register said warrants by number and by date according to the order in which they have been presented for payment; and all warrants so endorsed and registered shall thereafter become payable consecutively according to said order of registration and shall draw interest payable from the general fund until called for payment by said treasurer, at the rate of five per centum per annum.

As funds for the payment of said warrants and of the interest thereon become available, the said treasurer shall give notice of the calling of said warrants for payment by one publication in a newspaper printed and published in the city of Salem, Oregon''.

Subdivision 2 of section 67-303, Oregon Code 1930, both before and after the amendment, requires the State Treasurer to pay on demand out of the state treasury all sums authorized by law to be so paid, if there are appropriate and sufficient funds in the treasury to pay the same. It is not contended that the warrant in question here was not authorized by law; neither is it contended that it was not a just claim owing by the state, nor one which the State Treasurer was not required to pay on demand. It appears from the alternative writ of mandamus which was issued out of this court, through its original jurisdiction, that the relator who sued out the writ, namely, C. D. Thomas, is the Chief Boiler Inspector of the Bureau of Labor of the state of Oregon and is now and for more than ten years last past has been employed by the Commissioner in charge of that Bureau, Hon. Charles H. Gram, and is a regular employee of the state, receiving a salary of $172 per month, and that said warrant was issued in payment of said salary for one month, and all said facts were admitted by the demurrer to the alternative writ.

■ It is contended, however, that the attempt upon the part of the legislature, by the proviso contained in the amendment, to make it the duty of the State Treasurer to so indorse said warrant only, ''if the governor, secretary of state and state treasurer shall deem it necessary or advisable and shall so direct'', is an unconstitutional limitation upon the powers and duties

of the State Treasurer. The powers and duties of the State Treasurer are defined by section 4 of article VI of the state constitution as follows:

"The powers and duties of the treasurer of state shall be such as may be prescribed by law".

The only other reference contained in the constitution to the office of the Treasurer is contained in section 1 of said article VI. It provides:

"There shall be elected by the qualified electors of the state, at the time and places of choosing members of the legislative assembly, a secretary and treasurer of state, who shall severally hold their offices for the term of four years;" etc.

It will thus be seen that the powers and duties of the Treasurer are such as may be prescribed by law and not otherwise. It will also be seen that the provision contained in the amendment to which objection was made merely defines the powers and duties of the State Treasurer, all of which were within the legislative control and did not in any way infringe upon any constitutional right or power conferred upon such officer.

■ It was also contended that the amendatory part of the section was not germane to the title of the amended act. The amended act was first enacted on May 30, 1859, and was approved on June 2, 1859. See L. 1859-60, pp. 1-9. The title of that act was: "An Act to Regulate the Treasury Department". As originally enacted, it contained the following provision:

"Sec. 3. It shall be the duty of the treasurer: * * * Third—To pay all warrants drawn on the treasurer in the order which they are presented, out of the appropriate fund; if there are no such funds in treasury, then he shall endorse on such warrants 'not paid for

want of funds,' together with the date, and all warrants so endorsed shall draw legal interest from and after such endorsement; * * *''.

That part of the statute was not amended until 1923, when other means were adopted by the legislature which it was thought would provide a way for paying all state warrants and not require such an indorsement to be made. During all that time that part of the act received a legislative construction as to its validity, and the reenactment of like provisions at the last session of the legislature was germane to the title of the act and was within the legislative power to enact. Upon neither of these grounds, nor any other suggested, is this act unconstitutional.

■ In view of the record before us, it being admitted that before the warrant involved here was presented for payment or indorsement, if there was not sufficient funds to pay the same, that the Governor, Secretary of State and State Treasurer had deemed it advisable that this warrant and others should be indorsed ''not paid for want of funds'', the State Treasurer had full authority to make said indorsement and his refusal to do so cannot be sustained upon any constitutional grounds or want of authority under the statute.

For that reason, it having been stated upon the hearing by the Attorney-General and Mr. Paulus that if the statute is held to be valid they did not wish to appear further to resist the issuance of a peremptory writ, a peremptory writ will be issued requiring the State Treasurer either to pay this warrant, if he has sufficient funds in his hands to make such payment, or if not, then to indorse thereon the words ''not paid for want of funds''.